**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Laura TORRES, Defendant—Appellant.**

**No. 04–10377.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2006.

Decided May 26, 2006.

Celeste Corlette, Assistant United States Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jack Lansdale, Tucson, AZ, for Defendant–Appellant.

728

Before: B. FLETCHER, KOZINSKI
and FISHER, Circuit Judges.

MEMORANDUM *

1. The immigration checkpoint where defendant was stopped satisfies the requirements of *United States v. Martinez–Fuerte,* 428 U.S. 543, 556–59, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976): The checkpoint is at a fixed location on an important state highway leading inland from the border; it operates daily, on a regular schedule; all cars traveling through the checkpoint are routinely stopped, with little or no officer discretion; the checkpoint is well marked, with warning signs and cones as motorists approach; and it is clearly recognizable as being duly authorized, with uniformed agents and Border Patrol vehicles on site. The district court correctly concluded "that it was proper for the Border Patrol to make stops at this checkpoint, as it would at a permanent checkpoint, without any individualized suspicion." *United States v. Soto–Camacho,* 58 F.3d 408, 413 (9th Cir.1995); *see also United States v. Hernandez,* 739 F.2d 484, 486–87 (9th Cir.1984). Defense counsel's argument that such checkpoints are limited to immigration checks has no support in the caselaw.

2. Following routine immigration-related questioning and observation of the car, the border agents had ample suspicion to refer Torres to the secondary inspection area. *See United States v. Barnett,* 935 F.2d 178, 180–81 (9th Cir.1991); *United*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

*States v. Taylor,* 934 F.2d 218, 221 (9th Cir.1991). Thus, the district court properly denied Torres's motion to suppress the government's evidence.

**AFFIRMED.**